UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID HUNT,<br><br>        Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, ROBERT O'HARE, Individually, CARLOS AMAYA, Individually, and JOHN DOE 1 through 3, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>        Defendants. | **COMPLAINT**<br><br>18-CV-3172<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff DAVID HUNT, by his attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

  1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the United States Constitution.

### JURISDICTION

  2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

  3. This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

### VENUE

  4. Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6. Plaintiff DAVID HUNT is a twenty-four (24) year old United States Citizen who resides in Kings County, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant ROBERT O'HARE, Shield No. unknown, was a duly sworn police officer and supervisor of the NYPD and acting according to his official duties with the NYPD; and, as a Captain, he was a high-ranking uniformed officer with supervisory responsibilities, and an NYPD policy maker with respect to the matters complained of herein.

10. At all times hereinafter mentioned, the individually named defendant CARLOS AMAYA, Shield No. 31702, was a duly sworn police officer of the NYPD, and was acting under the supervision of the NYPD, and according to his official duties.

11. At all times hereinafter mentioned, the individually named defendants JOHN DOE 1 through 3, Shield Nos. unknown, were duly sworn police officers of the NYPD, and were acting under the supervision of the NYPD and according to their official duties.

12. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

13. Each and all of the defendants' acts alleged herein were done by these defendants while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

14. On May 7, 2016, at or about 10:30 p.m., Plaintiff DAVID HUNT ("Mr. Hunt") was lawfully present in the vicinity of 7th Avenue and West 42nd Street, New York, New York, when Defendants Robert O'Hare, Carlos Amaya, and John Doe 1 through 3, without any lawful justification whatsoever, unlawfully arrested him and imprisoned him.

15. Before, during, and after the defendants arrested him, Mr. Hunt committed no crime or offense. Likewise, at all times relevant to these events, Mr. Hunt was not behaving in a manner that would suggest to any reasonable police officer that he had done anything unlawful.

**DAVID HUNT**

16. Mr. Hunt is a 24-year-old American citizen. He has a Bachelor of Arts degree in Business Management, from The King's College, a private Christian liberal arts college, located in lower Manhattan, which is esteemed for its traditional core curriculum that educates students for self-governance in the Western liberal tradition. He attended King's College on a "Presidential Scholarship."

17. Mr. Hunt previously worked with enterprises as diverse as Ralph Lauren and the National Broadcasting Company, commonly known as "NBC." Indeed, in 2014, Mr. Hunt was on assignment for NBC, in Russia, during the Olympics.

18.     Currently, Mr. Hunt works as a systems engineer with a cutting-edge multi-media studio, where his responsibilities include operating and maintaining multiple high-tech camera systems and assisting studio photographers for photo sessions with diverse clients, such as the Smithsonian.

19.     Prior to coming to New York City for higher education, Mr. Hunt was an Eagle Scout, which is the highest rank one can achieve within the Boy Scouts of America, in California, where he grew up.

20.     Prior to this incident, Mr. Hunt had never been arrested.

**MAY 7, 2016, COLLEGE COMMENCEMENT**

21.     On the morning of May 7, 2016, Mr. Hunt attended his college commencement, at Fifth Avenue Presbyterian Church, in Midtown Manhattan.  It was a proud day, not only for Mr. Hunt, but also for his family.  His mother, father, grandmother, and younger brother all flew in from Northern California to attend.

22.     After commencement, Mr. Hunt had a celebratory meal with this family.  Later in the day, he went with his younger brother, William Hunt, to a bike store that he used to work at on the Lower East Side.  From there, Mr. Hunt took his younger brother on a bike ride through Manhattan.

23.     While Mr. Hunt was riding his bicycle, his younger brother followed behind him on the bicycle he was riding.

**THE DEFENDANTS FALSELY ARRESTED DAVID HUNT.**

24.     While in the Times Square area, Mr. Hunt observed that his brother was no longer behind him.  Consistent with all traffic rules, Mr. Hunt stopped the bike, disembarked, and looked for his brother.  Not seeing him, Mr. Hunt proceeded to head north when Defendant John

Doe 1 hit Mr. Hunt in the right leg with a baton and informed him that he was in "A WORLD OF SHIT."

25. Upon information and belief, Defendants John Doe 1 through 3 pushed Mr. Hunt into a concrete barrier.

26. Upon the unlawful orders of Defendant O'Hare, Defendant Amaya placed handcuffs on Mr. Hunt's wrists.

27. Mr. Hunt explained to the defendants that he did nothing wrong and was only riding his bicycle, but the defendants ignored him.

28. Despite lacking probable cause, reasonable suspicion, and having no legal justification whatsoever, the defendants placed Mr. Hunt in an NYPD vehicle and transported him to an NYPD precinct stationhouse, where he remained falsely imprisoned.

29. The defendants actively participated in falsely arresting Mr. Hunt and failed to intervene to prevent the defendants, including, but not limited to, Defendants O'Hare, Amaya, and Doe 1 through 3, from unlawfully arresting Mr. Hunt.

30. On May 8, 2016, the defendants transported Mr. Hunt from an NYPD precinct to the Manhattan Detention Complex for further imprisonment and eventual arraignment on the baseless charges filed under docket number 2016NY029759.  These charges were filed based upon the false allegations of Defendants O'Hare and Amaya.

31. Defendants O'Hare and Amaya knowingly manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Mr. Hunt at trial.

32. Defendants O'Hare and Amaya falsely claimed that Mr. Hunt was riding a bicycle against traffic; weaving in and out of lanes of traffic; that several vehicles stopped abruptly and

swerved to avoid hitting Mr. Hunt; and that several pedestrian jumped back to avoid being hit by Mr. Hunt.

**DAVID HUNT SPENT 41 HOURS FALSELY IMPRISONED.**

33. On May 8, 2016, Mr. Hunt's father and grandmother appeared in New York County Criminal Court, awaiting word and hope that Mr. Hunt would be arraigned and released from court on that date, but that was not to be the case.

34. The defendants caused Mr. Hunt to remain in custody for another night, which was an egregious violation of the New York Court of Appeals' holding that delay of more than twenty-four (24) hours in bringing a person arrested without a warrant to arraignment is "presumptively unnecessary" under New York law. People v. Roundtree, 77 N.Y.2d 422, 426 (1991).

35. On May 9, 2016, Mr. Hunt was finally arraigned on false charges of reckless endangerment and disorderly conduct. Upon arraignment, the presiding Criminal Court judge released Mr. Hunt on his own recognizance.

36. Prior to his release at arraignment, Mr. Hunt spent approximately forty-one (41) hours falsely imprisoned.

37. The defendants arrested and initiated criminal proceedings against Mr. Hunt despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

38. The defendants initiated this prosecution for the purpose of covering up their unlawful arrest of Mr. Hunt.

39. This false arrest and denial of Mr. Hunt's fair trial rights compelled Mr. Hunt to return to the New York County Criminal Court to face these false charges on at least two (2)

occasions when, on September 22, 2016, upon the application of the District Attorney's Office, the presiding Criminal Court judge adjourned the case in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

40. All of the events leading up to and culminating in Mr. Hunt being subjected to false arrest and denial of fair trial rights occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

41. All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

42. The underlying false arrest and denial of the right to fair trial is not an isolated incident. Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the legal basis required for stops and searches, what constitutes probable cause for an arrest, and that they repeatedly arrest innocent individuals on sham charges of reckless endangerment and disorderly conduct and engage in falsification to that end.

43. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Plaintiffs' civil rights.

44. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train, supervise, and discipline them.

45. As a result of the foregoing, Plaintiff DAVID HUNT has sustained, among other damages, physical injuries, substantial pain, mental injuries, emotional distress, embarrassment, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants arrested Plaintiff DAVID HUNT without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

48. The defendants caused Plaintiff DAVID HUNT to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for his safety, humiliated, embarrassed, and deprived of his liberty.

49. As a result, Plaintiff DAVID HUNT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The defendants falsified the information against Plaintiff DAVID HUNT likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

52. The defendants caused Plaintiff DAVID HUNT to be prosecuted without any probable cause and upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on September 22, 2016.

53. As a result, Plaintiff DAVID HUNT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. The defendants had an affirmative duty to intervene on behalf of Plaintiff DAVID HUNT, whose constitutional rights were being violated in their presence by other officers, including the individual defendants.

56. The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

57. As a result of the defendants' conduct, Plaintiff DAVID HUNT was subjected to false arrest; denial of his right to a fair trial; his liberty was restricted for an extended period of time; he was put in fear for his safety; and he was subjected to handcuffing; physical restraints; and ultimately an extended period of imprisonment.

58. As a result, Plaintiffs DAVID HUNT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

59. All of the foregoing acts of the defendants deprived Plaintiff DAVID HUNT of federally protected rights, including, but not limited to, the right:

      A. To be free from false arrest/unlawful imprisonment;

      B. To be free from denial of the right to a fair trial; and

      C. To be free from the failure to intervene.

60. As a result, Plaintiff DAVID HUNT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff DAVID HUNT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as the Court deems just and proper.

**Dated:** New York, New York
April 11, 2018

                                            Respectfully submitted,

                                            **THE TRAINOR LAW FIRM, P.C.**
                                            26 Broadway, Suite 2100
                                            New York, New York 10004
                                            Tel:  (212) 323-7410
                                            Fax: (212) 323-7411

                                            By:     *Craig Trainor*
                                                     CRAIG TRAINOR (CT 1823)

                                            Attorney for Plaintiff DAVID HUNT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID HUNT,<br><br>        Plaintiff,<br><br> -against-<br><br>CITY OF NEW YORK, ROBERT O'HARE, Individually, CARLOS AMAYA, Individually, and JOHN DOE 1 through 3, Individually, (the names John Doe being fictitious, as the true names are presently unknown),<br><br>        Defendants. | 18-CV-3172 |

# COMPLAINT

**THE TRAINOR LAW FIRM, P.C.**
Attorneys for Plaintiff
26 Broadway, Suite 2100
New York, New York 10004